**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ryan Smith, individually and on behalf of all others similarly situated, | Case No. 6:22-CV-788 (BKS/ML) |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| Adidas America, Inc., | Judge Brenda K. Sannes |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 1

LEGAL STANDARD ................................................................................................. 2

ARGUMENT ............................................................................................................. 3

I.      The Court should dismiss plaintiff's misrepresentation-based claims. ............................ 3

        A.      Plaintiff has failed to plead his negligent misrepresentation and fraud
                claims with the required particularity. ...................................................... 3

        B.      Plaintiff has failed to allege any deceptive conduct through adidas' use
                of the word "authentic." ......................................................................... 6

                1.      Because adidas is the official manufacturer of NHL jerseys, its
                        jerseys are, by definition, authentic. ............................................ 6

                2.      Plaintiff cannot base his misrepresentation-based claims on his
                        subjective understanding of the term "authentic." ......................... 7

                3.      Plaintiff has not alleged sufficient facts to support his
                        misrepresentation-based claims. ................................................. 8

        C.      Plaintiff's misrepresentation-based claims fail because the alleged
                differences between the retail and NHL jerseys that form the basis of
                plaintiff's claims were easily discoverable. .......................................... 10

II.     Plaintiff has not stated a viable claim for "Violation of State Consumer Fraud
        Acts"—or even identified those laws. ................................................................. 11

III.    Plaintiff's negligent misrepresentation claim must be dismissed because
        plaintiff cannot allege a special relationship with adidas. ...................................... 12

IV.     This Court should dismiss plaintiff's warranty claims because they fail as a
        matter of law. ................................................................................................. 13

        A.      Plaintiff's warranty claims fail because he has not given notice of the
                alleged deficiencies to adidas. ............................................................. 13

        B.      Plaintiff's express warranty claim must be dismissed because an
                express warranty cannot be based on a person's subjective belief
                concerning the promised result. .......................................................... 14

        C.      Plaintiff's claim for breach of the implied warranty of merchantability
                fails because there are no allegations that the jerseys are not fit for their
                ordinary purpose. ............................................................................. 16

        D.      Plaintiff's claim for breach of implied warranty of fitness for a
                particular purpose must be dismissed because it lacks allegations
                supporting that claim. ....................................................................... 17

E.  Plaintiff's Magnuson-Moss Warranty Act claim fails for multiple reasons.................................................................................... 18

V.  The Court should dismiss plaintiff's unjust enrichment claim because it is duplicative of his other claims. ..................................................... 20

VI.  Plaintiff lacks standing to seek injunctive relief. ............................................. 21

CONCLUSION.................................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Target Corp.*,
No. CV135944GHKPJWX, 2014 WL 12558290 (C.D. Cal. Mar. 3, 2014) ................... 12

*Anderson v. Jamba Juice Co.*,
888 F. Supp. 2d 1000 (N.D. Cal. 2012) ............................................................................. 15

*Arsenaux v. Roberts*,
726 F.2d 1022 (5th Cir. 1982) ............................................................................................. 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................................. 3

*Barton v. Pret A Manger (USA) Ltd.*,
535 F. Supp. 3d 225 (S.D.N.Y. 2021) ............................................................................... 14

*Bayne v. Target Corp.*,
No. 1:21-CV-05938 (MKV), 2022 WL 4467455 (S.D.N.Y. Sept. 23, 2022) ................. 19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................... 3, 8

*Bessette v. IKO Indus., Inc.*,
No. 4:19-CV-40017-TSH, 2020 WL 6110943 (D. Mass. Aug. 18, 2020),
*aff'd* 30 F.4th 75 (1st Cir. 2022) ...................................................................................... 14

*Bowling v. Johnson & Johnson*,
65 F. Supp. 3d 371 (S.D.N.Y. 2014) .................................................................................. 15

*Bowring v. Sapporo U.S.A., Inc.*,
234 F. Supp. 3d 386 (E.D.N.Y. 2017) ............................................................................... 20

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
516 F. Supp. 3d 370 (S.D.N.Y. 2021) ............................................................................... 12

*Chavez v. Wal-Mart Stores, Inc.*,
No. CV136429GHKPJW, 2014 WL 12591244 (C.D. Cal. Mar. 3, 2014) ...................... 12

*Corsello v. Verizon N.Y., Inc.*,
18 N.Y.3d 777 (2012) .................................................................................................... 20, 21

*Cosgrove v. Oregon Chai, Inc.*,
520 F. Supp. 3d 562 (S.D.N.Y. 2021) ............................................................................... 18

*Crawford v. Franklin Credit Mgmt. Corp.*,
758 F.3d 473 (2d Cir. 2014) ................................................................................................. 4

*CSL Silicones, Inc. v. Midsun Grp. Inc*,
301 F. Supp. 3d 328 (D. Conn. 2018) .................................................................................. 8

*Davis v. Hain Celestial Grp., Inc.*,
297 F. Supp. 3d 327 (E.D.N.Y. 2018) ........................................................................... 6, 20

*Dayton Superior Corp. v. Spa Steel Prods., Inc.*,
    No. 1:08-CV-1312 FJS/RFT, 2012 WL 113663 (N.D.N.Y. Jan. 13, 2012) ..................... 16

*DeLuca v. AccessIT Grp., Inc.*,
    695 F. Supp. 2d 54 (S.D.N.Y 2010)................................................................................. 11

*Denny v. Ford Motor Co.*,
    87 N.Y.2d 248 (1995) ..................................................................................................... 16

*Dwyer v. Allbirds, Inc.*,
    No. 21-CV-5238 (CS), 2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022)........................... 13

*Factory Assocs. & Exps., Inc. v. Lehigh Safety Shoe Co. LLC*,
    No. 05-CV-837, 2007 WL 1834599 (N.D.N.Y. June 26, 2007)...................................... 17

*Floyd v. Am. Honda Motor Co.*,
    966 F.3d 1027 (9th Cir. 2020) ........................................................................................ 19

*Garcia v. Chrysler Grp. LLC*,
    127 F. Supp. 3d 212 (S.D.N.Y. 2015).............................................................................. 18

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ................................................................................ 20

*Gomez-Jimenez v. N.Y. Law Sch.*,
    943 N.Y.S.2d 834 (2012) ................................................................................................ 10

*Gomez-Jimenez v. N.Y. Law Sch.*,
    956 N.Y.S.2d 54 (2012)..................................................................................................... 7

*Grossman v. Simply Nourish Pet Food Co.*,
    516 F. Supp. 3d 261 (E.D.N.Y. 2021) ............................................................................ 13

*Guariglia v. Proctor & Gamble Co.*,
    No. 2:15-cv-04307 (ADS) (SIL), 2018 WL 1335356 (E.D.N.Y. Mar. 14, 2018) ........... 17

*Guippone v. BH S & B Holdings LLC*,
    No. 09 CIV.1029 (CM), 2010 WL 2077189 (S.D.N.Y. May 18, 2010)............................ 4

*Horowitz v. Sears, Roebuck & Co., Inc.*,
    524 N.Y.S.2d 236 (1988) ................................................................................................ 17

*Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*,
    505 F. Supp. 3d 137 (N.D.N.Y. 2020)............................................................................. 14

*In re ConAgra Foods Inc.*,
    908 F. Supp. 2d 1090 (C.D. Cal. 2012) .......................................................................... 15

*In re Fyre Festival Litig.*,
    399 F. Supp. 3d 203 (S.D.N.Y. 2019).................................................................... 3, 4, 8

*Jackson v. Anheuser-Busch InBev SA/NV, LLC*,
    No. 20-CV-23392, 2021 WL 3666312 (S.D. Fla. Aug. 18, 2021) .................... 5, 6, 15, 19

*Jovel v. i-Health, Inc.*,
    No. 12–CV–5614, 2013 WL 5437065 (E.D.N.Y. Sept. 27, 2013)..................................... 4

*Kimmell v. Schaefer*,
    89 N.Y.2d 257 (1996) ............................................................................ 12

*Kommer v. Bayer Consumer Health, a div. of Bayer AG*,
    710 Fed. App'x 43 (2d Cir. 2018) ........................................................ 21

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006) ................................................................... 3

*Lewis v. Mercedes-Benz USA, LLC*,
    530 F. Supp. 3d 1183 (S.D. Fla. 2021) .............................................. 19

*MacDonald v. Thomas M. Cooley Law Sch.*,
    880 F. Supp. 2d 785 (W.D. Mich. 2012) ............................................. 7

*Margrove Inc. v. Lincoln First Bank of Rochester*,
    388 N.Y.S.2d 958 (App. Div. 1976) ..................................................... 4

*Mitchell v. Gen. Motors LLC*,
    No. 3:13-CV-498-CRS, 2014 WL 1319519 (W.D. Ky. Mar. 31, 2014) ......................... 11

*Nemes v. Dick's Sporting Goods, Inc.*,
    521 F. Supp. 3d 328 (S.D.N.Y. 2021) ................................................ 17

*Newton v. Kraft Heinz Foods Co.*,
    No. 16CV04578RJDRLM, 2018 WL 11235517 (E.D.N.Y. Dec. 18, 2018) .................. 15

*Oden v. Boston-Scientific Corp.*,
    330 F. Supp. 3d 877 (E.D.N.Y. 2018) ................................................ 18

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) ............................................................................ 10

*Pappas v. Harrow Stores, Inc.*,
    528 N.Y.S.2d 404 (1988) ....................................................................... 6

*Pasternack v. Lab. Corp. of Am. Holdings*,
    27 N.Y.3d 817 (2016) ............................................................................ 4

*Pearl v. Mad Engine, Inc.*,
    No. 7:12-CV-2850-TMP, 2015 WL 5179517 (N.D. Ala. Sept. 4, 2015) ................. 16

*Petrosino v. Stearn's Prods., Inc.*,
    No. 16-CV-7735, 2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) ........................ 13

*Plemmons v. Steelcase Inc.*,
    No. 04 Civ. 4023, 2007 WL 950137 (S.D.N.Y. Mar. 29, 2007) ....................... 16

*Price v. L'Oréal USA, Inc.*,
    No. 17 Civ. 0614(LGS), 2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) ................. 20

*Reynolds v. Lifewatch, Inc.*,
    136 F. Supp. 3d 503 (S.D.N.Y. 2015) ................................................ 20

*Ritani, LLC v. Aghjayan*,
    880 F. Supp. 2d 425 (S.D.N.Y. 2012)........................................................................ 9

*Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*,
    656 N.Y.S.2d 787 (1997)........................................................................ 16

*Segedie v. Hain Celestial Grp., Inc.*,
    No. 14-cv-5029 (NSR), 2015 WL 2168374 (S.D.N.Y. May 7, 2015)........................... 12

*Spano v. Domenick's Collision*,
    31 N.Y.S.3d 924 (N.Y. App. Term. 2016)........................................................................ 18

*Szczubelek v. Cendant Mortg. Corp.*,
    No. CIV.00-2858 (SSB), 2001 WL 34875217 (D.N.J. June 15, 2001) .......................... 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)........................................................................ 11

*Tomasino v. Estee Lauder Cos.*,
    44 F. Supp. 3d 251 (E.D.N.Y. 2014) ........................................................................ 13

*Watkins v. MGA Entm't, Inc.*,
    574 F. Supp. 3d 747 (N.D. Cal. 2021) ........................................................................ 15

*Yu v. Dreyer's Grand Ice Cream, Inc.*,
    593 F. Supp. 3d 146 (S.D.N.Y. 2022)........................................................................ 21

**Constitutional Provisions**

U.S. Const. art. 2, § 3 ........................................................................ 21

**Statutes**

N.Y. U.C.C. § 2-607 ........................................................................ 13

N.Y. U.C.C. § 2-315 off. cmt. ........................................................................ 17

New York Gen. Bus. Law § 349 ................................................................ 2, 6, 10

New York Gen. Bus. Law § 350 ................................................................ 2, 6, 10

15 U.S.C. § 2310, et seq.........................................................................2, 19

**Rules**

Fed. R. Civ. P. 8 ........................................................................ 2, 3, 8

Fed. R. Civ. P. 9 ........................................................................ 3, 4, 8

Fed. R. Civ. P. 12 ........................................................................ 2, 3

## INTRODUCTION

This action is the second class action brought by plaintiff's attorneys alleging that defendant adidas America, Inc. ("adidas") misrepresents National Hockey League ("NHL") jerseys that it has manufactured by describing them as "authentic" because the jerseys allegedly differ from those worn on-ice by players during hockey matches.  Based on that theory, the first action—currently pending in the Middle District of Florida—asserts claims on behalf of a nationwide class under each state's consumer protection statute; claims for breaches of contract, express warranty, the merchantability warranty, the particular purpose warranty, and the Magnuson-Moss Warranty Act ("MMWA"); and claims for negligent misrepresentation, fraud, and unjust enrichment.  Three weeks after adidas moved to dismiss the Florida action, plaintiff's attorney filed this action, asserting each of those claims (except breach of contract) on behalf of consumers residing in Idaho, Indiana, Maine, Michigan, Nebraska, New York, North Dakota, and Wyoming.

## BACKGROUND

adidas manufactures NHL jerseys and is "the official manufacturer of the jerseys worn on-ice by NHL players."  (Compl. ¶¶ 69, 110.)  Plaintiff's complaint alleges that adidas sells retail NHL jerseys using marketing materials and labelling that describes the retail jerseys as "authentic," which plaintiff "underst[ands] as the being the same jersey that NHL players wear during hockey games[.]" (*Id*. ¶¶ 1, 73.)

According to plaintiff, adidas' retail NHL jerseys differ from those worn on-ice by NHL players during professional hockey games in nine ways:

1.      The fight straps are different in quality (*id*. ¶¶ 30-32);

2.      The fabric is less thick (*id*. ¶¶ 33-34);

3.      The fit is not identical (*id*. ¶¶ 8, 11);

**Page 1 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
            DISMISS**

4.      The material is lighter in the retail jerseys (*id*. ¶ 9);

5.      The stitching used in the retail version is "less durable" than the stitching used for on-ice game jerseys (*id*. ¶¶ 35-36);

6.      The size of the respective jerseys' neck holes is not identical (*id*. ¶ 37);

7.      The dimples on the shoulder portion of at least one team's jersey are smaller in the retail jersey (*id*. ¶¶ 38-42);

8.      The logos, numbers, stripes, and names are adhered to the respective jerseys using differing methods (*id*. ¶ 43); and

9.      The retail jerseys are manufactured in Indonesia rather than Canada (*id*. ¶¶ 45-49).

Based on these differences, plaintiff believes that adidas should refer to its retail jerseys as "replicas," rather than "authentic." (*Id*. ¶ 51).

Plaintiff alleges that he purchased an unspecified number of adidas' retail jerseys "at stores and/or websites, including the website of Defendant, adidas.com[.]" (*Id*. ¶ 72.) Plaintiff alleges that, in purchasing the jerseys, he "believed [that they were] authentic, understood as being the same jersey that NHL players wear during hockey games, from the fight strap to the dimples to the stitching and the fit." (*Id*. ¶ 73.) According to plaintiff, in making those purchases, he "read, reviewed, and relied on Defendant's representations that the jerseys '[were] the same as the one[s] [Edmonton Oilers] players wear when the puck drops[.]'" (*Id*. ¶ 74.)

Plaintiff asserts claims on behalf of two putative classes for violation of New York General Business Law §§ 349 and 350; "State Consumer Fraud Acts"; breaches of express warranty, implied warranties, and the MMWA; negligent misrepresentation; fraud; and unjust enrichment.

## LEGAL STANDARD

A claim must be dismissed when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a) requires a "short and plain statement of the claim

showing that the pleader is entitled to relief." To do so, plaintiff must allege facts showing a

claim "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires

sufficient factual allegations to raise a reasonable expectation that discovery will yield evidence

supporting a plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A mere

recitation of the elements of a claim are insufficient. *Ashcroft*, 556 U.S. at 678.

In addition to the basic requirements of Rule 8(a), a plaintiff that is alleging claims based

on fraud or mistake must satisfy a heightened pleading standard. Rule 9(b) requires a party

"alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or

mistake." This particularity element requires a plaintiff to allege (1) the statements that he

contends were fraudulent; (2) the identity of the speaker; (3) when and where the statements

were made; and (4) explain why the statements were fraudulent. *Lerner v. Fleet Bank, N.A.*, 459

F.3d 273, 290 (2d Cir. 2006).

While a court deciding a motion to dismiss under Rule 12(b)(6) must accept all well-

pleaded allegations of material fact in the complaint as true, *In re Fyre Festival Litig.*, 399 F.

Supp. 3d 203, 212 (S.D.N.Y. 2019), a complaint that offers naked assertions without factual

detail is insufficient to meet plaintiff's burden. *Ashcroft*, 556 U.S. at 662.

## ARGUMENT

**I.      The Court should dismiss plaintiff's misrepresentation-based claims.**

**A.      Plaintiff has failed to plead his negligent misrepresentation and fraud claims with the required particularity.**

Plaintiff's negligent misrepresentation and fraud claims should be dismissed because

plaintiff has not met his burden for pleading facts showing a misrepresentation or other deceptive

conduct. These claims require plaintiff to plead specific and actionable representations or

omissions that misled plaintiff to his detriment. *See Pasternack v. Lab. Corp. of Am. Holdings*,

**Page 3 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

27 N.Y.3d 817, 829 (2016) (in New York fraud requires proof of, among other things, a "misrepresentation or a material omission of fact which was false and known to be false by [the] defendant" and "justifiable reliance of the other party") (brackets in original); *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (negligent misrepresentation requires both that the plaintiff be provided with incorrect information and rely on that information); *Margrove Inc. v. Lincoln First Bank of Rochester*, 388 N.Y.S.2d 958, 960 (App. Div. 1976) (negligent misrepresentation claim dismissed because the plaintiff failed to allege any "misrepresentation as to an existing material fact"). Because plaintiff has failed to do so, these claims should be dismissed.

Plaintiff falls short of meeting the pleading requirements of Rule 9(b), because he has failed to allege "the who, what, where, when, and why" of the supposed misconduct. *Jovel v. i-Health, Inc.,* No. 12–CV–5614, 2013 WL 5437065, at *11 (E.D.N.Y. Sept. 27, 2013). Plaintiff's identification of the purported misstatements is limited to three undated images purporting to be from adidas' website, a screenshot from a third-party website unaffiliated with adidas, and a quote from another unaffiliated third-party website,[1] paired with an allegation that he "read, reviewed, and relied on Defendant's representations that the jerseys '[were] the same as the one[s] [Oilers] players wear when the puck drops' on the ice." (Compl. ¶ 74.) However,

---

[1] To the extent that plaintiff relies on statements made by non-adidas actors, those statements cannot form the basis of plaintiff's claims because they are not attributable to adidas and cannot serve as the basis for plaintiff's understanding about adidas' statements. *See In re Fyre Litig.*, 399 F. Supp. 3d 203, 213 (S.D.N.Y. 2019). Courts routinely find allegations similar to plaintiff's—a bare statement that another has acted at a party's "directions" (*see* Compl. ¶ 93)—to be conclusory and incapable of stating a claim. *See, e.g.*, *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) ("Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."); *Guippone v. BH S & B Holdings LLC*, No. 09 CIV.1029 (CM), 2010 WL 2077189, at *6 (S.D.N.Y. May 18, 2010) ("broad and conclusory assertions, which fail to name any specific actions taken by specific defendants" are insufficient to state a claim).

**Page 4 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

plaintiff's complaint lacks critical details about the events that form the basis of his claim.  At some instances, plaintiff claims to have purchased one jersey (*id*. ¶ 53), while at other junctures he suggests that he purchased multiple jerseys.  (*Id*. ¶ 72.)  Although plaintiff alleges that he relied on adidas' alleged statement about Edmonton Oilers' jerseys in making his purchase, he does not allege that he ever purchased an Oilers jersey.  (*See id*. ¶ 74.)  Indeed, the complaint fails to allege which team's jersey(s) plaintiff purchased, which statements plaintiff saw and relied upon about the specific jersey (or jerseys) that he purchased, or when he saw and relied upon supposedly misleading statements in connection with his purchase(s).  Indeed, to the extent that plaintiff provides any detail about when any of the events alleged in his complaint occurred, it is simply to say that he purchased the adidas retail jerseys "within the statutes of limitations for each cause of action alleged" or "over the past three years, and/or among other times."  (*See id*. ¶ 72).  Moreover, although plaintiff alleges that adidas uses labels and hang tags to represent its jerseys as "authentic," he does not describe the specific content of any of the allegedly deceptive labeling and hang tags that he relied upon.  (*See id*. ¶ 22.)  Plaintiff's studious opaqueness will not suffice; his allegations do not meet his burden under Rule 9(b).

The Southern District of Florida recently dismissed claims under these same causes of action for a similar failure to plead with the requisite specificity.  *See Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-CV-23392, 2021 WL 3666312, at *12-13 (S.D. Fla. Aug. 18, 2021). There, the complaint "contain[ed] almost five pages worth of allegations describing each Plaintiff's individual experiences with [defendant's location], its marketing materials, and its [products] that were purchased at third-party retailers for consumption at home."  *Id.* at *12. Nevertheless, plaintiffs' allegations were insufficient because they "omit[ted] the 'who, what, when, where, and how' of Defendants' alleged misconduct[.]"  *Id.*  The allegations were in the

form of "broad, generalized statements about" defendants' advertisements, signs, unspecified conversations, and marketing information. *Id.* at *13. Even the allegations about the product labels and website—the most specific allegations made—were insufficient as they failed to state when the alleged misstatements were viewed or if they were viewed at all prior to the purchase of the products. *Id.*

The allegations here are far less detailed than those the court held to be insufficient in *Jackson*. Even the most specific—indeed, the only discernable—allegations (usage of the word "authentic" on adidas' website and labelling and the representation about the Oilers jersey) fail to allege when the statements were viewed. Accordingly, these claims should be dismissed.

**B.   Plaintiff has failed to allege any deceptive conduct through adidas' use of the word "authentic."**

**1.   Because adidas is the official manufacturer of NHL jerseys, its jerseys are, by definition, authentic.**

Even if plaintiff had adequately pleaded any alleged misrepresentations—and he has not—the complaint shows that adidas did not engage in any misleading or deceptive conduct. The only potential representation alleged in the complaint is that adidas referred to its NHL jerseys as "authentic," but the complaint itself demonstrates that this statement is not false or misleading. As plaintiff acknowledges, adidas is the "official manufacturer of NHL jerseys." (Compl. ¶¶ 110, 129.) That alone demonstrates that adidas' representations that its jerseys are "authentic" is completely true. An officially licensed and manufactured product is, by definition, authentic. Truthful representations are not actionable under New York General Business Law §§ 349 and 350 or as fraud or negligent misrepresentation. *See Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 335 (E.D.N.Y. 2018) (dismissing claims under §§ 349 and 350 of the General Business Law because they were "accurate"); *Pappas v. Harrow Stores, Inc.*, 528 N.Y.S.2d 404, 407 (1988) (dismissing fraud and negligence claims where the defendant's

**Page 6 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

statements were "essentially true").  Plaintiff's misrepresentation-based claims should be dismissed because there is no question that officially licensed, manufactured products are authentic.

> ### 2.  Plaintiff cannot base his misrepresentation-based claims on his subjective understanding of the term "authentic."

Plaintiff's attempts to support his claim by emphasizing his understanding of the word "authentic" fail because his particular understanding cannot form the basis of those claims.  (*See* Compl. ¶¶ 73, 78, 92, 97.)  It is axiomatic that fraud, negligent misrepresentation, and sections 349 and 350 claims cannot be brought on the basis of a person's misunderstanding of truthful information.  *See Randolph v. Mondelez Glob. LLC*, No. 21-CV-10858 (JSR), 2022 WL 953301, at *3 (S.D.N.Y. Mar. 30, 2022) (because the test for deception under §§ 349 and 350 is an objective one and neither statute requires proof of reliance, "the plaintiff's personal expectations do not establish that 'a reasonable consumer acting reasonably under the circumstances' would be misled by the label"); *Gomez-Jimenez v. N.Y. Law Sch.*, 956 N.Y.S.2d 54, 60 (2012) (dismissing fraud and negligent misrepresentation claims where the defendant had made true, but incomplete, statements regarding graduates' employment and salary data); *see also MacDonald v. Thomas M. Cooley Law Sch.*, 880 F. Supp. 2d 785, 794 (W.D. Mich. 2012) (noting that a "plaintiff's subjective misunderstanding of information that is not objectively false or misleading" cannot be the basis of a fraud claim).

Here, plaintiff's complaint is replete with allegations of what he understands the word "authentic" to mean.  Those allegations are of no help to plaintiff.  Setting aside the question of whether the differences plaintiff alleges between on-ice jerseys and the jerseys sold at retail are substantial (they are not), the fact remains that adidas' NHL jerseys are authentic because they are the genuine, officially licensed products.  Because adidas' representation is truthful,

plaintiff's personal expectation that an authentic jersey replicates all features of an on-ice jersey is irrelevant and his complaint must be dismissed.

### 3. Plaintiff has not alleged sufficient facts to support his misrepresentation-based claims.

Plaintiff's common-law and statutory misrepresentation claims also fail because he has not pleaded the necessary facts to support them.  Plaintiff is obliged to allege enough facts to nudge his claim across the line from conceivable to plausible.  *Twombly*, 550 U.S. at 570.  As discussed above, to the extent plaintiff's claims are based on the identification of the jerseys as "authentic," they fail.  Plaintiff's remaining allegations cannot support any of his misrepresentation claims—whether under Rule 9(b) or Rule 8(a).

*First,* plaintiff's reliance on adidas labeling or packaging fails to state a claim because plaintiff has not actually identified any alleged statement contained in any of those materials at all, much less a statement that is false or misleading in any way.  In the absence of any other allegation concerning the content of the labeling or packaging, plaintiff has not met his burden.

*Second*, plaintiff's reliance on a page on the Dick's Sporting Goods website fails because he has not alleged facts showing that the information contained on that website—which does not even reference adidas jerseys specifically—are attributable to adidas.  *See In re Fyre Litig.*, 399 F. Supp. 3d at 213  (statements made by third parties who were not defendants could not serve as the basis of a fraud claim because they were not attributable to the defendants); *see also CSL Silicones, Inc. v. Midsun Grp. Inc*, 301 F. Supp. 3d 328, 378 (D. Conn. 2018) (refusing to impute a third party's statements to the plaintiff where there was no evidence that third party was either under the plaintiff's control or acting in concert with the plaintiff) .

*Third*, plaintiff's claim that adidas has stated that "a replica uniform will not be 'authentic' and, therefore, not desirable to consumers unless it contains all the elements of the

uniform worn in competition" (Compl. ¶ 21), cannot support his claims for multiple reasons. Plaintiff has not alleged where, when, or how that alleged statement was made; whether he viewed or heard the statement before making his purchase; or whether that statement was shared with or promoted to consumers in some way.  Perhaps more importantly, this statement is not false or misleading.  Plaintiff has not alleged facts supporting any inference that adidas's NHL jerseys do not "contain all the elements of the uniform worn in competition."  The differences he purports to identify relate to sizing, thickness of material, quality of stitching, and place of manufacture—he does not allege that the adidas jerseys are missing any of "the elements of the uniform worn in competition."  According to plaintiff's own allegation, adidas has represented that its jerseys contain "all the elements" of the on-ice jerseys—not that they are identical.

> *Finally*, although plaintiff makes much of a purported statement concerning an Edmonton Oilers jersey, he has not alleged that he purchased an Edmonton Oilers jersey or any facts establishing that the statement was not true as it pertained to Edmonton Oilers jerseys.  Nor has he alleged facts that would support a conclusion that the statement was false or misleading as to any other jersey, including the unidentified jersey(s) that he purchased, and a conclusory footnote asserting that similar statements were made for other products does not meet his burden. *See Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 442 (S.D.N.Y. 2012) (dismissing case where the plaintiff failed to plead facts showing how allegedly copied items were similar to the protected items).

> Plaintiff's common-law and statutory misrepresentation claims thus fail and must be dismissed.

### C. Plaintiff's misrepresentation-based claims fail because the alleged differences between the retail and NHL jerseys that form the basis of plaintiff's claims were easily discoverable.

Plaintiff's misrepresentation-based claims must be dismissed because each of the omissions alleged in the complaint was readily ascertainable. As a general rule, General Business Law §§ 349 and 350 do not oblige a business to ascertain each consumer's individual needs and provide information relevant to his or her situation. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). The exception to this rule is when "the business alone possesses material information that is relevant to the consumer and fails to provide this information." *Id.* Similarly, a plaintiff cannot bring fraud and negligent misrepresentations claims where the allegedly omitted information was readily available to them. *See Gomez-Jimenez v. N.Y. Law Sch.*, 943 N.Y.S.2d 834, 854 (2012).

Here, plaintiff's complaint alleges that the adidas retail jerseys differ in at least nine different ways from the jerseys worn by on ice by NHL players. Notably each of the alleged differences concerns the products' appearance or place of manufacture. (*See generally* Compl. ¶¶ 30-49.) And each of the alleged differences is also visually apparent—*i.e.* readily ascertainable to consumers. (*Id*. ¶ 6.) adidas discloses, for example, that retail jerseys are manufactured in Indonesia and on-ice jerseys are manufactured in Canada. (*See id*. ¶ 33.) Moreover, as demonstrated by the complaint, the physical differences are so widely known among hockey enthusiasts as to prompt one fan to publish an article that identifies most of the

alleged differences alleged in plaintiff's complaint.  (*See id.* ¶ 20 n.3).[2]  Because the alleged

differences between the retail and on-ice jerseys were easily discoverable, plaintiff's

misrepresentation-based claims must be dismissed.

## II.    Plaintiff has not stated a viable claim for "Violation of State Consumer Fraud Acts"—or even identified those laws.

In addition to failing for the reasons set forth above, plaintiff's claim that adidas is liable

under the unidentified "Consumer Fraud Acts of the States" outside of New York should be

dismissed because he has not identified the specific claims, provisions, or theories of liability he

purports to invoke under each jurisdiction's laws, much less alleged facts necessary to state a

claim under those myriad laws.  Plaintiff has not even identified the laws themselves.  Courts

across the country have repeatedly held that this type of pleading fails to state a cognizable claim

under the federal rules.  *See, e.g.*, *Szczubelek v. Cendant Mortg. Corp.*, No. CIV.00-2858 (SSB),

2001 WL 34875217, at *3 (D.N.J. June 15, 2001) (holding that claim alleging violation of the

consumer protection laws of every state fails to meet the standards of pleading as it fails to give a

defendant fair notice of the claims against it); *Mitchell v. Gen. Motors LLC*, No. 3:13-CV-498-

CRS, 2014 WL 1319519, at *5 (W.D. Ky. Mar. 31, 2014) (dismissing claim for violation of

"state consumer projection statutes" because plaintiff did not "not plead the essential elements of

each state consumer fraud statute on which he intends to rely"); *Chavez v. Wal-Mart Stores, Inc.*,

---

[2] A court considering a motion to dismiss must consider the complaint in its entirety, including documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Courts thus consider documents attached to a motion to dismiss if they are incorporated by reference. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y 2010).  To be incorporated by reference, the complaint must make a clear, definite, and substantial reference to the document; a limited quotation is not enough. *Id.*  Here, the referenced article is incorporated by reference because plaintiff relies on the referenced article to support his allegation that consumers expect jerseys marketed as "authentic" to be "identical to those worn on ice by NHL players."  (Compl. ¶ 20.)  A copy of this article is attached to the Declaration of Stanton R. Gallegos as Exhibit 1.

No. CV136429GHKPJW, 2014 WL 12591244, at *4 (C.D. Cal. Mar. 3, 2014) (dismissing claim

under "'all other states' consumer protection statutes"); *Adams v. Target Corp.*, No.

CV135944GHKPJWX, 2014 WL 12558290, at *6 (C.D. Cal. Mar. 3, 2014) (same).  This Court

should dismiss plaintiff's claim for the same reason.

### III. Plaintiff's negligent misrepresentation claim must be dismissed because plaintiff cannot allege a special relationship with adidas.

Plaintiff's negligent misrepresentation claim fails because he cannot establish that he had

a special relationship with adidas.

New York courts have repeatedly held that an ordinary buyer-seller relationship cannot

give rise to the type of special relationship that will support a negligent misrepresentation claim.

*See, e.g.*, *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 378-90 (S.D.N.Y.

2021) (grocer-manufacturer's sale of graham crackers to consumer did not create a special

relationship of trust and confidence); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-cv-5029

(NSR), 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) (dismissing negligent

misrepresentation claim alleging that the defendant's products were misleadingly labeled as

organic, natural, or all natural for "failure to plead any cognizable special relationship" with the

defendant because the parties' transaction was an ordinary arm's length transaction).  Indeed,

courts have typically only found a special relationship in cases involving professionals, such as

lawyers, accountants, and engineers—all of whom are persons who, "by virtue of their training

and expertise, may have special relationships of confidence and trust with their clients[.]"  *See*

*Kimmell v. Schaefer*, 89 N.Y.2d 257, 264 (1996).

The relationship between plaintiff and adidas is that of an ordinary buyer and seller.

Plaintiff alleges only that he purchased an adidas jersey on at least one occasion.  (Compl. ¶ 72.)

**Page 12 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

He does not (and cannot) allege any other type of relationship.  Because plaintiff did not have a special relationship with adidas, his negligent misrepresentation claim must be dismissed.

**IV.    This Court should dismiss plaintiff's warranty claims because they fail as a matter of law.**

**A.    Plaintiff's warranty claims fail because he has not given notice of the alleged deficiencies to adidas.**

Plaintiff's warranty claims should be dismissed because he failed to give notice to adidas.

To assert a breach-of-warranty claim under New York law, "'[a] buyer must within a reasonable amount of time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) (alterations omitted) (*quoting* N.Y. U.C.C. § 2-607(3)(a)).  To adequately plead the pre-suit notice requirement, a plaintiff "must provide factual allegations— such as the date and method plaintiff sent a pre-suit notice—supporting the content that [he] notified [the] defendant of the alleged breach within a reasonable time." *Grossman v. Simply Nourish Pet Food Co.*, 516 F. Supp. 3d 261, 282 (E.D.N.Y. 2021).

Plaintiff's complaint is bereft of any allegation that he provided adidas with any pre-suit notice.  Rather, plaintiff vaguely alleges that he "provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees." (Compl. ¶ 112).  These allegations are too conclusory and non-specific to serve as actual notice because they omit not only the date and means of notice, but the date plaintiff discovered the alleged breach.  *See Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735, 2018 WL 1614349, at *2 (S.D.N.Y. Mar. 30, 2018) (dismissing claim for breach of express warranty where "[the] [p]laintiffs failed to allege any facts supporting the allegation that she notified [the] [d]efendant of the alleged breach within a reasonable time after its discovery"); *see also Dwyer v. Allbirds, Inc.*, No. 21-CV-5238 (CS), 2022 WL 1136799, at *9 (S.D.N.Y. Apr. 18, 2022) (allegation that "[p]laintiff provided or will

provide notice to [D]efendant, its agents, representatives, retailers and their employees" deemed too conclusory to show pre-suit notice).

Plaintiff's allegation that adidas "received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums" is similarly ineffective.  (*See* Compl. ¶ 114.)  The law requires plaintiff to give notice; he cannot rely on purported notices from others. *See Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 245 (S.D.N.Y. 2021) (dismissing express warranty claim because "[p]laintiff *herself* was required to notify [defendant] of the alleged breach before bringing the claim herein") (emphasis in original).  Plaintiff's complaint must be dismissed because he did not give the required pre-suit notice.

**B.     Plaintiff's express warranty claim must be dismissed because an express warranty cannot be based on a person's subjective belief concerning the promised result.**

Plaintiff's claim for breach of an express warranty fails for the independent reason that plaintiff has not alleged any express warranty that was breached.

To recover on this claim, plaintiff must allege (and ultimately prove): (1) that the defendant made a material statement amounting to a warranty; (2) that he relied on the statement to form a contract with the seller; (3) breach; and (4) damages resulting from the breach.  *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 159 (N.D.N.Y. 2020). Plaintiff has not alleged facts that support such a claim.

As its identifier indicates, an express warranty must be something that was affirmatively or expressly stated; it cannot be based on an implication or a consumer's subjective understanding.  *See Bessette v. IKO Indus., Inc.*, No. 4:19-CV-40017-TSH, 2020 WL 6110943, at *3 (D. Mass. Aug. 18, 2020), *aff'd* 30 F.4th 75 (1st Cir. 2022) (to succeed on an express warranty claim, a plaintiff must demonstrate that the defendant promised a specific result; "the

subjective belief of a party is immaterial"); *see also Watkins v. MGA Entm't, Inc.*, 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021) (a plaintiff must identify "a specific and unequivocal written statement" to establish the existence of an express warranty) (citation omitted).  While express warranties can be created by product labeling, general descriptions of products and phrases that are open to interpretation do not create express warranties.  *See, e.g.*, *Newton v. Kraft Heinz Foods Co.*, No. 16CV04578RJDRLM, 2018 WL 11235517, at *7 (E.D.N.Y. Dec. 18, 2018) ("natural" label cannot be a "factual claim upon which a reasonable consumer could rely" because it is a subjective, general description that adopts a term with no standard or stable meaning); *Watkins*, 574 F. Supp. 3d at 756 (statement "Age 3+" on a toy did not create an express warranty that product was safe for children in that age range because it was "not clear what specific affirmation of fact or promise [was] being made").[3]  In dismissing a breach of warranty claim based on similar allegations, the *Jackson* court recently held that the term "authentic craft beers" was the type of phrase or description that was subject to varying interpretations and thus could not create an express warranty.  2021 WL 3666312, at *18. The same is true here.

As in *Jackson*, plaintiff's express warranty is based on the word "authentic," which he attempts to imbue with additional meaning by insisting that he "understood" that term to mean "the same jersey that NHL players wear during hockey games, from the fight strap to the dimples

---

[3] Other examples abound.  *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, No. 20-CV-23392, 2021 WL 3666312, at *12-13 (S.D. Fla. Aug. 18, 2021) (phrase "authentic craft beer" did not create an express warranty because it was subject to widely varying interpretations); *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 378 (S.D.N.Y. 2014) (statement that product "restores enamel" was a description not a promise of performance over time); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1102 (C.D. Cal. 2012) (statement that oil was "100% natural" was not a warranty that the oil is defect free, will meet a specific level of performance, or promise to take remedial action); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1004 (N.D. Cal. 2012) (statement that product was "all natural" was a general product description, not a warranty).

**Page 15 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

to the stitching and the fit." (Compl. ¶ 73.) Assuming arguendo that what plaintiff "understood" was one potential interpretation of the word "authentic," his claim nonetheless fails because that is a general description of the product that is inherently subjective. Because the word "authentic" is necessarily subject to "widely varying interpretations," plaintiff's breach-of-express-warranty claim fails and should be dismissed.

### C.   Plaintiff's claim for breach of the implied warranty of merchantability fails because there are no allegations that the jerseys are not fit for their ordinary purpose.

Even if plaintiff's warranty claims were not barred by his failure to give pre-suit notice (and they are), his claim for breach of the implied warranty of merchantability would fail because he has not alleged facts supporting that claim. A breach of the implied warranty of merchantability occurs "where the product in question is not fit for the ordinary purpose for which it is to be used." *Dayton Superior Corp. v. Spa Steel Prods., Inc.*, No. 1:08-CV-1312 FJS/RFT, 2012 WL 113663, at \*5 (N.D.N.Y. Jan. 13, 2012) (quoting *Plemmons v. Steelcase Inc.*, No. 04 Civ. 4023, 2007 WL 950137, \*3 (S.D.N.Y. Mar. 29, 2007)). The inquiry with respect to an implied warranty of merchantability claim is whether the product was "fit for the ordinary purposes for which such goods are used" in their customary and reasonably foreseeable manner. *Denny v. Ford Motor Co.*, 87 N.Y.2d 248, 258 (1995). Under this standard, the goods need not be perfect or fulfill the buyer's every expectation. *See Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 656 N.Y.S.2d 787, 790 (1997). Rather, the goods need only be "a minimal level of quality." *Denny*, 87 N.Y.2d at 258 n.4.

Plaintiff has not alleged any facts that suggest that adidas' jerseys failed to meet that standard. None of the facts alleged in the complaint suggest that the jerseys are incapable of use as apparel. *See Pearl v. Mad Engine, Inc.*, No. 7:12-CV-2850-TMP, 2015 WL 5179517, at \*5 (N.D. Ala. Sept. 4, 2015) (clothing is "fit for the ordinary purposes" when it can withstand

"normal consumer use"); *see also Horowitz v. Sears, Roebuck & Co., Inc.*, 524 N.Y.S.2d 236, 237 (1988) (breach of merchantability warranty claim failed because appliances defaced with anti-Semitic symbols could still be used to launder clothing).  Moreover, plaintiff has not alleged any facts establishing that the purported differences between the on-ice jerseys and the jerseys sold at retail—*e.g.*, different dimensions to account for pads worn by professional hockey players during a game—have any impact on the fitness of the retail jerseys for their ordinary purpose, which is to wear as a spectator or fan in normal activities.[4]

### D.   Plaintiff's claim for breach of implied warranty of fitness for a particular purpose must be dismissed because it lacks allegations supporting that claim.

Plaintiff has likewise failed to plead a claim for breach of the implied warranty of fitness for a particular purpose.  To successfully plead a claim for breach of an implied warranty of fitness for a particular purpose, a complaint must "establish that the seller had reason to know, at the time of contracting, the buyer's particular purpose for which the goods are required and that the buyer was justifiably relying upon the seller's skill and judgment to select and furnish suitable goods, and that the buyer did in fact rely on that skill."  *Guariglia v. Proctor & Gamble Co.*, No. 2:15-cv-04307 (ADS) (SIL), 2018 WL 1335356, at *8 (E.D.N.Y. Mar. 14, 2018) (*quoting Factory Assocs. & Exps., Inc. v. Lehigh Safety Shoe Co. LLC*, No. 05-CV-837, 2007 WL 1834599, at *9 (N.D.N.Y. June 26, 2007)).  A particular purpose "envisages a specific use by the buyer which is peculiar to the nature of his business."  *Nemes v. Dick's Sporting Goods, Inc.*, 521 F. Supp. 3d 328, 341 (S.D.N.Y. 2021) (quoting N.Y. U.C.C. § 2-315 off. cmt.)

---

[4] Notably, plaintiff does not allege that he uses or intends to use adidas' jerseys to play hockey.  But his claim would fail even if he did because none of the alleged differences catalogued in the complaint suggest that the jerseys cannot be used to by someone to play hockey.  (*See, e.g.*, Compl. ¶¶ 32-34, 37, 42, and 44 (alleging differences in, among other things, the fight straps, thickness, neck holes, and dimple size of authentic and so-called "on-ice" jerseys).)

Plaintiff's claim fails for two reasons.  First, plaintiff does not allege any facts that the jerseys he purchased were to be used for a specific, particular purpose.  As such, plaintiff's claim for breach of the implied warranty of fitness for a particular purpose is facially deficient and must be dismissed.  *See id.* (dismissing particular-purpose warranty claim as facially deficient where the plaintiff failed to allege a particular use for a crossbow); *Spano v. Domenick's Collision*, 31 N.Y.S.3d 924, at *1 (N.Y. App. Term. 2016) (concluding that "there was no breach of an implied warranty of fitness for a particular purpose (*see* UCC 2–315), as there was no showing of any 'particular purpose' for which the [product] was purchased").  Second, plaintiff has not met his burden to plead facts showing that adidas had reason to know of his particular purpose (if such a particular purpose ever even existed) for making his jersey purchases.  Plaintiff's only allegation with respect to the element of the claim is that adidas "had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it was authentic[.]"  (Compl. ¶ 126.)  That allegation is conclusory and cannot form the basis for plaintiff's claim.  *See Oden v. Boston-Scientific Corp.*, 330 F. Supp. 3d 877, 896 (E.D.N.Y. 2018) (concluding that allegations that included that the defendant "knew of the intended use of its [product]" were too conclusory).  Plaintiff's particular-purpose warranty claim must be dismissed.

### E.      Plaintiff's Magnuson-Moss Warranty Act claim fails for multiple reasons.

Plaintiff's MMWA claim fails for multiple reasons.

*First*, this claim fails because, as set forth above, plaintiff has not stated a viable warranty claim under state law.  Where a plaintiff fails to state a viable state-law claim for breach of a warranty, an MMWA claim must be dismissed.  *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 587 (S.D.N.Y. 2021); *see also see Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) ("To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law.").

**Page 18 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

*Second*, the Court lacks jurisdiction to hear plaintiff's MMWA claim because there are fewer than 100 named plaintiffs.  *See* 15 U.S.C. § 2310(d)(3)(C).  The MMWA allows plaintiffs to bring suit "(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection."  15 U.S.C. § 2310(d)(1).  Paragraph (3) of that subsection provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection—if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."  *Id.* § 2310(d)(3)(C).  Courts in this circuit and elsewhere have rightly held that this provision deprives federal courts of jurisdiction where, as here, there are fewer than 100 named plaintiffs. *See Bayne v. Target Corp.*, No. 1:21-CV-05938 (MKV), 2022 WL 4467455, at *4 (S.D.N.Y. Sept. 23, 2022) (dismissing MMWA claim where "[p]laintiffs do not dispute that they brought this action as a putative class action, that the action has fewer than one hundred named plaintiffs, and that, as a result, the third prong of MMWA's jurisdiction requirement is not satisfied."); *Jackson*, 2021 WL 3666312, at *19 ("Plaintiffs in this case are the only two 'named plaintiffs' for the purposes of the MMWA's jurisdictional limitation, which is fatal to their claim."); *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1207 (S.D. Fla. 2021) (dismissing MMWA claims with fewer than 100 named plaintiffs); *see also Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1034-35 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement[.]").

Whether for lack of jurisdiction or failure to state a claim, plaintiff's MMWA claim must be dismissed.

**V.     The Court should dismiss plaintiff's unjust enrichment claim because it is duplicative of his other claims.**

The Court should dismiss plaintiff's unjust enrichment claim because, as pleaded, it is little more than a catchall in the event that plaintiff's other claims are not viable.

As the New York Court of Appeals has stated, unjust enrichment "is not a catchall . . . to be used when others fail." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).  As such, district courts in this circuit routinely dismiss unjust enrichment claims when they rely on the same facts as the plaintiff's other claims. *See Price v. L'Oréal USA, Inc.*, No. 17 Civ. 0614(LGS), 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017) (because "[a]ll of the claims in the Complaint are based on the same alleged misrepresentation by Defendants . . . Plaintiffs' New York unjust enrichment claim is dismissed as duplicative"); *Bowring v. Sapporo U.S.A., Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) ("Plaintiff's unjust enrichment claim relies on the same facts as her other causes of action in tort.  Because this claim is duplicative, it is dismissed.").

Plaintiff's unjust enrichment claim alleges simply that adidas "obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits."  (Compl. ¶ 142).  Thus, plaintiff's claim is nothing more than a repackaged tort and warranty claim.  Courts routinely dismiss unjust enrichment claims in these circumstances. *See Davis*, 297 F. Supp. 3d at 338 (unjust enrichment claim "must be dismissed, because it merely duplicates plaintiff's other claims based on the same alleged misrepresentations"); *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 524-25 (S.D.N.Y. 2015) (dismissing unjust enrichment claim where claim was based on the underlying allegation as the plaintiff's GBL and fraud claims); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 483-84 (S.D.N.Y. 2014) (dismissing an unjust enrichment claim where the

plaintiff alleged that the defendant misled consumers about its skin-care products, because the unjust enrichment claim "simply restate[d] elements of other claims"); *Corsello*, 18 N.Y.3d at 790 ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."). This Court should dismiss plaintiff's unjust enrichment claim for the same reason.

## VI.   Plaintiff lacks standing to seek injunctive relief.

Finally, the Court should dismiss plaintiff's request for injunctive relief because plaintiff does not have standing to seek such relief. A federal court's power is restricted to the resolution of "Cases and Controversies." U.S. Const. art. 2, § 3. The case or controversy requirement is satisfied only where a plaintiff has established standing. *Yu v. Dreyer's Grand Ice Cream, Inc.*, 593 F. Supp. 3d 146, 165 (S.D.N.Y. 2022). To establish constitutional standing, a plaintiff must establish, among other things, that a legally protected interest was invaded and that that the invasion is concrete and particularized and actual or imminent, not hypothetical. *Id.* Although past injuries may provide a basis for seeking monetary relief, a plaintiff must demonstrate that he is likely to be harmed again in future in a similar way in order to seek injunctive relief. *Id.* Moreover, in a deceptive business practices case, unless a plaintiff can show that they intend to make future purchases of the offending product, the plaintiff lacks standing to seek injunctive relief. *Kommer v. Bayer Consumer Health, a div. of Bayer AG*, 710 Fed. App'x 43, 44 (2d Cir. 2018).

Here, plaintiff has not alleged any facts showing that he intends to purchase adidas jerseys in the future. Plaintiff's request for injunctive relief must be dismissed for lack of standing.

## CONCLUSION

Defendant respectfully requests that the Court enter an order dismissing plaintiff's

Complaint in its entirety.

DATED this 5th day of December, 2022.

MARKOWITZ HERBOLD PC

By:    *s/Stanton R. Gallegos*
Stanton R. Gallegos, #704050
StantonGallegos@MarkowitzHerbold.com
Matthew A. Levin, *pro hac vice forthcoming*
MattLevin@MarkowitzHerbold.com
Jermaine F. Brown, *pro hac vice forthcoming*
JermaineBrown@MarkowitzHerbold.com
1455 SW Broadway, Suite 1099
Portland, OR  97201
Ph: (503) 295-3085

Attorneys for Defendant adidas America, Inc.

1376052

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I have made service of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** on the party/ies listed below in the manner indicated:

| | |
|---|---|
| Spencer Sheehan | ☐ U.S. Mail |
| Sheehan & Associates, P.C. | ☐ Facsimile |
| 60 Cuttermill Road, Suite 409 | ☐ Hand Delivery |
| Great Neck, NY  11021 | ☐ Overnight Courier |
| *Attorneys for Plaintiff* | ☐ Email: spencer@spencersheehan.com; mdomovsky@spencersheehan.com |
| | ☒ Electronically via USDC CM/ECF system |

DATED this 5th day of December, 2022.

*s/Stanton R. Gallegos*

_____
Stanton R. Gallegos, #704050
Attorneys for Defendant adidas America, Inc.

**CERTIFICATE OF SERVICE**